UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
In re:

                                    **Chapter 11**

     **REGGIE PINK PROPERTIES, LLC,**          **Case No.**

                                      **10-22560 (RDD)**

                       **Debtor.**
--------------------------------------X

### ORDER UNDER 11 U.S.C. § 363 AND BANKRUPTCY RULE 4001 AUTHORIZING DEBTOR TO USE CASH COLLATERAL OF VALLEY NATIONAL BANK ("VALLEY"), WILBER NATIONAL BANK ("WILBER") AND U.S. SMALL BUSINESS ADMINISTRATION ("SBA")

Upon the Application dated June 24, 2010 ("Application") of Reggie Pink Properties, LLC, the debtor and debtor in possession herein ("Debtor") by its attorneys, Reich Reich & Reich, P.C., seeking authorization pursuant to 11 U.S.C. § 363 and Bankruptcy Rules 4001 and 9014 for the Debtor to use Valley's, Wilber's and SBA's asserted cash collateral ("Cash Collateral") consisting of rents from the real property located at 300 Central Avenue, White Plains, New York ("Property") pursuant to a Cash Collateral Agreement, a copy of which is attached as Exhibit B to the Applicaton (the "Agreement"); and there being due and sufficient notice of the Appication; and after due deliberation and consideration and sufficient cause appearing for the relief granted herein,

     **IT IS ORDERED, ADJUDGED AND DECREED** that:

     1.     This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

     2.      Notice of the Application was served by the Debtor upon (1) all creditors, (2) the attorneys for Valley, Wilber, and

SBA, the secured parties described in the Application, (3) the Receiver[1] and (4) the Office of the U.S. Trustee for the Southern District of New York. Such notice constitutes due and sufficient notice of the Application and complies with Bankruptcy Rules 4001(b) and (c), and Local Rule 4001-3.

3.    Good cause has been shown for the entry of this Order:

(a) The use of Cash Collateral as proposed by the Debtor in the Application and granted  herein is fair and reasonable, reflects the Debtor's exercise of prudent business judgment consistent with its fiduciary duties and constitutes reasonably equivalent value and fair consideration.

(b) The Debtor has requested entry of this Order pursuant to Bankruptcy Rule 4001 and Local Rule 4001-3. Absent granting the relief sought by this Order, the Debtor's estate will be irreparably harmed.

4.    As provided in the terms of the Agreement, the Receiver, Vincent R. Rippa, Esq. is authorized to continue his duties pursuant to 11 U.S.C. 543(d)(1) and to use the Cash Collateral to pay real estate taxes, insurance and other costs necessary to maintain the Property, for U. S. Trustee fees and Court-ordered payments to professionals whose retention has been approved by the Court (up to the amount of $50,000.00).

5.    The final accounting of compensation for the Receiver shall be fixed in accordance with the State Court order appointing him, dated July 15, 2009 and 11 U.S.C. § 543(c).

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Application.

6.     Pursuant to the terms of the Agreement, Valley, Wilber and SBA shall be provided with partial adequate protection (subject to a full reservation of the respective rights of Valley, Wilber and SBA, including, without limitation, pursuant to 11 U.S.C. §§ 361, 362(d), and 363(e) to demand and/or move for additional adequate protection and/or relief from the automatic stay) for the Debtor's use of Cash Collateral in the form of (a) the continuation of the Receiver under the terms set forth in paragraphs 4-5 above, and (b) the grant to Valley, Wilber and SBA, respectively, of replacement liens in all postpetition property of the Debtor in which each respectively held a valid, perfected, enforceable and non-avoidable lien prepetition, which replacement liens shall have the same rank and priority as such prepetition liens and shall be valid, perfected, unavoidable and enforceable to the same extent that the respective prepetition liens of Valley, Wilber and SBA are valid, perfected, unavoidable and enforceable, such replacement liens to secure the Debtor's respective obligations to such lenders to the extent of any postpetition diminution of the prepetition collateral therefor (the "Replacement Liens").  Without limiting the foregoing, pursuant to the terms of the Agreement, a plan of reorganization in this case does not provide a reasonable possibility of being confirmed within a reasonable time, within the meaning of 11 U.S.C. § 362(d)(3)(A), unless it is filed on or before June 23, 2010, and unless, pursuant to such plan, a sale of the Property shall occur on or before September 15, 2010.  Further, should a sale of the Property not occur on or before September 15, 2010,

after giving the Debtor a 14-day written demand to cure, Valley, Wilber, and SBA may proceed to assert their respective rights as referred to in this paragraph 6. The Replacement Liens granted herein are subject to and subordinate to the United States Trustee fees pursuant to 28 U.S.C. § 1920 and Court-approved fees and expenses of professionals whose appointment has been approved by the Court.

7.     The Debtor's recitals and agreements in the Agreement regarding the amount of the respective claims of Valley, Wilber and SBA; the validity and enforceability of such entities' respective liens on the Property; and, to the extent set forth in the Agreement, such entities' respective interests in Cash Collateral are not binding on the Debtor in its capacity as a debtor in possession or on the Debtor's estate or any official committee or other party in interest in the event such official committee or other party in interest seeks to obtain and obtains standing to act on behalf of the Debtor's estate with respect to such issues. Without limiting the foregoing, any payment made to any of Valley, Wilber or SBA hereunder, including under paragraphs 4-5 hereof, is subject to re-allocation and possible disgorgement under 11 U.S.C. § 506.

**Dated: White Plains, New York**
         **July 8, 2010**

                                         **/s/Robert D. Drain**
                                         **HONORABLE ROBERT D. DRAIN**
                                         **UNITED STATES BANKRUPTCY JUDGE**